IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cr-111

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| DEANGELO McLAURIN (1) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon defendant McLaurin's Motion to Sever Counts Four Through Six Because the Offenses Were Improperly Joined.[1] (Doc. No. 49). For the reasons stated below, the Court **DENIES** McLaurin's December 12, 2011 motion. But upon further consideration of Lowery's Motion to Sever Counts on Bill of Indictment, (Doc. No. 38), the Court **VACATES** its December 5, 2011 Order, (Doc. No. 52), and **GRANTS** Lowery's motion to sever Count Six.

I. BACKGROUND

The defendant is charged in Counts One through Three of the indictment for alleged conspiracies occurring between February 25, 2011, and April 11, 2011, to rob drug dealers, to possess with intent to distribute cocaine, and to use and carry firearms during and in relation to the charged robbery and drug trafficking conspiracies, or to possess firearms in furtherance of those offenses.[2] (Doc. No. 9: Indictment at 1-3). McLaurin is further charged in Counts Four and

---

[1] The Court issued a largely identical order, denying McLaurin's motion, vacating the Court's December 5, 2011 order, and granting Lowery's motion, on December 9, 2011. (Doc. No. 64). The Government filed a motion for reconsideration that same day. (Doc. No. 65). This order replaces the Court's December 9, 2011 order, (Doc. No. 64), so that the Court may correct its erroneous finding that the Government failed to file a response to Lowery's motion to sever. (Id. at 6). The Court has added a discussion of this procedural history on page seven.

[2] Co-defendant Lowery is charged in these same conspiracy counts and in Count Six with possessing a .40 caliber Glock pistol on July 28, 2010. (Id. at 4).

Five with possessing firearms he allegedly sold to an undercover law enforcement agent. (Doc. No. 9: Indictment at 3-4).

According to the Complaint, an undercover officer arranged a meeting between himself, McLaurin, and a confidential informant. (Doc. No. 1 at 2). McLaurin met with the undercover officer and confidential informant on February 23, 2011 to sell the undercover officer a .38 special revolver. (Id.). McLaurin told the undercover officer that he had other firearms to sell. (Id.). On February 25, 2011, McLaurin met again with the undercover officer and confidential informant to sell the undercover officer a shotgun. (Id. at 2-3).

At this meeting, the confidential informant asked McLaurin if he would be interested in robbing Mexican drug dealers. (Id. at 3). McLaurin stated that he was interested in doing the robbery and brought Lowery to a meeting between the confidential informant and an undercover agent, posing as the informant's cousin. (Id.). That meeting ended with the agent telling McLaurin to consider the robbery and that he would be in touch at a later date. (Id.).

On March 25, 2011, the agent met with McLaurin and Lowery and the defendants agreed to commit the robbery. This agreement is the basis of the conspiracy charges in Counts One through Three. During that conversation, Lowery indicated that he had .40 and .38 caliber handguns, but expressed his desire for an AK-47 assault rifle to use in the robbery. (Id. at 4). On the day the robbery was to be carried out, the agent asked McLaurin and Lowery if they had "the tools," and they responded they had everything they needed. (Id. at 5). Lowery pointed out another vehicle nearby as their get-away car. (Id.). The defendants followed the agent to another location where they were arrested, but officers were not able to apprehend the other car. (Id. at 5-6). The search of Lowery's car revealed two sets of black sweat pants and gloves purchased earlier that day, but no firearms. (Id. at 6).

## II. LEGAL DISCUSSION

### A. Counts Four and Five

McLaurin claims that the offenses alleged in Counts Four and Five should be severed from the conspiracy charges in Counts One through Three because they were not properly joined under Federal Rule of Criminal Procedure 8 and, alternatively, should be severed under Federal Rule of Criminal Procedure 14. (Doc. No. 49 at 1, 3). The Court will deny McLaurin's motion on both grounds.

#### 1. Joinder Under Rule 8

Rule 8 of the Federal Rules of Criminal Procedure permits joinder of offenses that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). The Fourth Circuit has interpreted the second and third parts of this rule flexibly, requiring only that offenses have a "logical relationship" with one another to be joined as the same act, transaction, or as parts of a common scheme or plan. United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005). Courts have a strong interest in judicial economy and joinder is the rule rather than the exception. United States v. Hawkins, 589 F.3d 694, 700-01 (4th Cir. 2009); United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995). "The requirements of Rule 8(a), however, are not infinitely elastic, and so cannot be stretched to cover offenses . . . which are discrete and dissimilar." Hawkins, 589 F.3d at 701 (internal citations and quotations omitted). The Fourth Circuit makes this determination "by looking to the allegations in the indictment and the evidence produced at trial." Cardwell, 433 F.3d at 385. This Court may also look to "a pre-trial proffer of evidence." Id. at n.1. Here, such a proffer is presented through the Government's brief, (Doc. No. 55), and the criminal complaint, (Doc. No. 1).

There is a logical relationship between the conspiracy counts and the weapons covered by Counts Four and Five. The Complaint alleges that McLaurin met with a confidential informant and an undercover officer twice over two days to sell the officer a .38 special revolver and a shotgun. (Doc. No. 1 at 2-3). At the second meeting, the confidential informant asked McLaurin if he would be interested in robbing Mexican drug dealers. (Id. at 3). McLaurin and Lowery's subsequent agreement to commit this robbery is the basis of the conspiracy charges in Counts One through Three. The conspiracy and the possession of these two firearms are part of the same act or transaction and parts of a common scheme or plan. All of these acts involved McLaurin and the confidential informant and the initial discussion of the robbery came on the heels of the second firearms sale.

In United States v. Cooper, the Fourth Circuit affirmed the joinder of bank robbery and bankruptcy charges as parts of a common scheme. No. 96-4738, 1998 WL 29258, at *2 (4th Cir. Jan. 28, 1998). The court held that the defendant's scheme involved stealing money from an ATM, improving his home with this money, and concealing these assets from the bankruptcy court. Id. The court noted that "[o]ne offense stemmed from the other" and that the defendant's "bankruptcy provided an impetus for the bank robberies which in turn gave rise to his bankruptcy fraud." Id. Similarly, McLaurin's agreement to commit a home invasion stemmed from his firearms sales. It was at the second firearms sale that McLaurin first expressed interest in the home invasion. (Doc. No. 1 at 3). Those sales provided the impetus for the conspiracy to commit the home invasion.

The Fourth Circuit held that joinder was improper in Hawkins, 589 F.3d 694. The court, however, limited its analysis to whether the alleged offenses were "of the same or similar character." Id. at 701. The government charged Hawkins with two counts related to an armed

4

carjacking and one count of being a felon in possession of a firearm. Id. Different firearms, however, were used in each alleged crime. Id. The court held that the carjacking and felon in possession counts were not of the same or similar character despite both being firearm offenses and both occurring within 17 days of each other. Id. at 701-02. The court found that the only link between the two alleged crimes was the defendant. Id. at 704. This was not enough. Id.

Here, by contrast, there is a logical connection between the possession, and sale, of the firearms in Counts Four and Five and the conspiracy to commit the home invasion upon which Counts One through Three are based. All three crimes are alleged to have occurred within two days, involved both the confidential informant and McLaurin, and it was at the second firearms sale that the confidential informant asked McLaurin about his interest in the home invasion. Counts Four and Five were properly joined with Counts One through Three.

        2.        Severance Under Rule 14

Even though joinder was proper, the Court may sever Counts Four and Five if joinder "appears to prejudice a defendant." FED. R. CRIM. P. 14. "A defendant seeking severance pursuant to Rule 14 has the burden of demonstrating a strong showing of prejudice." United States v. Mir, 525 F.3d 351, 357 (4th Cir. 2008) (internal quotations omitted). Here, McLaurin cannot meet that burden. Evidence of offenses that are part of the same act, transaction, or common scheme or plan would be admissible in a trial on only Counts One through Three as "inextricably intertwined with the evidence regarding the" alleged conspiracy, United States v. Nixon, 396 F. App'x 1, 3 (4th Cir. 2010) (quoting United States v. Wilson, 624 F.3d 640, 652 (4th Cir. 2010)), and to prove motive, intent, opportunity, identity, and plan. See FED. R. EVID. 404(b); Hawkins, 589 F.3d 701; United States v. Carmichael, 685 F.2d 903, 910 (4th Cir. 1982); United States v. Foutz, 540 F.2d 733, 737 (4th Cir. 1976). Thus, McLaurin suffers no prejudice

5

from the joinder of Counts Four and Five. The Court will not sever these counts under Rule 14. McLaurin's Motion to Sever, (Doc. No. 49), is **DENIED** regarding Counts Four and Five.

B. Count Six

McLaurin claims that the offense alleged in Count Six should be severed because it is unrelated to the conspiracies alleged in Counts One, Two, and Three. (Doc. No. 49 at 1-2). Count Six charges Lowery alone with possessing a .40 caliber pistol, having been previously convicted of a felony. (Doc. No. 9 at 4). McLaurin is not charged in Count Six.

Federal Rule of Criminal Procedure 8(a) governs when a defendant may be charged with two or more offenses. Rule 8(b) allows defendants to be joined "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." McLaurin does not challenge Lowery's joinder. Once Lowery is joined, either defendant "may be charged in one or more counts together or separately. All defendants need not be charged in each count." FED. R. CRIM. P. 8(b). Neither rule allows McLaurin to challenge the joinder of a count against his co-defendant.

Similarly, Federal Rule of Criminal Procedure 14 does not appear to provide a defendant the right to sever a count in which only his co-defendant is charged. Even if it did, severance would not be appropriate here. Any prejudice that might spillover to McLaurin from the discussion of Lowery's alleged possession of a firearm could be mitigated through a curative instruction. See United States v. Blair, No. 10-4478, 2011 WL 4379370, at *12 (4th Cir. Sept. 21, 2011). McLaurin's Motion to Sever, (Doc. No. 49), is **DENIED** as to Count Six.

On December 5, 2011, this Court denied Lowery's motion to sever Count Six. (Doc. No. 52). The Government failed to respond within the prescribed period, but filed a motion for the

Court to consider a late response.[3] (Doc. Nos. 41; 41-2). The Court granted that request. (Doc. No. 42). In this belated brief, the Government failed to address a recent Fourth Circuit case adverse to its position. See United States v. Hawkins, 589 F.3d 694 (4th Cir. 2009).

McLaurin then filed a similar severance motion. (Doc. No. 49). McLaurin cited and discussed Hawkins, including the page at which the Circuit distinguished United States v. Cole, 857 F.2d 971 (4th Cir. 1988). (Id. at 2-3). In its response to McLaurin's motion, the Government still failed to discuss Hawkins. (Doc. No. 55). Instead, the government relied on Cole without addressing the Hawkins court's distinctions. (Id. at 3). After careful consideration of Hawkins, this Court will sever Count Six.

This case is indistinguishable from Hawkins. The only connections between the alleged possession of a .40 caliber pistol in Count Six and the conspiracy charges in Counts One through Three are Lowery's involvement and the use of different firearms. The offenses are alleged to have occurred seven months apart. Therefore, the link between the disputed counts in this case is even further from providing the necessary logical relationship than the counts in Hawkins. See Hawkins, 589 F.3d 701-02 (crimes alleged to have occurred 17 days apart). There is no temporal or logical relationship between Count Six and Counts One through Three. The Court **GRANTS** Lowery's Motion to Sever, (Doc. No. 38), and severs Count Six from the joint trial of Lowery and McLaurin on Counts One through Five.

### III.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

---

[3] In its December 9, 2011 Order, the Court erroneously found that the Government completely failed to file a response. (Doc. No. 64 at 6).

1. The Court's December 9, 2011 Order, (Doc. No. 64), is **VACATED** and replaced with this Order;

2. McLaurin's Motion to Sever Counts Four Through Six Because the Offenses Were Improperly Joined, (Doc. No. 49), is **DENIED**;

3. The Court's December 5, 2011 Order, (Doc. No. 52), is **VACATED**;

4. Lowery's Motion to Sever Counts on Bill of Indictment, (Doc. No. 38), is **GRANTED**; and

5. Count Six is severed from the joint trial of Lowery and McLaurin on Counts One through Five.

Signed: December 12, 2011

Robert J. Conrad, Jr.
Chief United States District Judge